IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50078
Conference Calendar

_____


RHONDA FLEMING,

                                        Plaintiff-Appellant,

versus

PAMELA WILLIAMS, Warden;
WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-415
- - - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, Texas prisoner #598829, seeks leave to proceed in forma pauperis (IFP) in the appeal from the dismissal of her civil rights complaint for failure to state a claim. By moving for IFP, Fleming is challenging the district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fleming's appeal brief merely refers to a "climate of racial discrimination in areas of parole, housing, job assignments, medical treatment, disciplinary action, etc.," and asserts that she "provided the District Court with statistical evidence to substantiate her claim." However, she offers no factual or legal argument specifically addressing the district court's grounds for dismissal. This court "will not raise and discuss legal issues that [Fleming] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Fleming fails to show that she will raise a nonfrivolous issue on appeal, her motion to proceed IFP is DENIED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

The district court's dismissal of the present case and this court's dismissal of Fleming's appeal count as two strikes against her for purposes of 28 U.S.C. § 1915(g). Fleming has already accumulated two strikes. See Fleming v. Nance, No. 00-50079 (5th Cir. Aug. 24, 2000). Pursuant to § 1915(g), Fleming is BARRED from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See § 1915(g)

IFP DENIED; APPEAL DISMISSED; SANCTION IMPOSED.